920 F.2d 927
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan FERNANDEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Norris Jacob EVANS, III, Defendant-Appellant.
 Nos. 90-5613, 90-5614.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 3, 1990.
Decided Dec. 13, 1990.
 
 Appeals from the United States District Court for the District of South Carolina, at Rock Hill. Charles E. Simons, Jr., Senior District Judge. (CR-89-32)
 William Rhett Eleazer, Eleazer and Sautter, P.A., Columbia, S.C., for appellant Fernandez.
 I.S. Leevy Johnson, Johnson, Toal & Battiste, P.A., Columbia, S.C., for appellant Evans.
 E. Bart Daniel, United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Columbia, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before K.K. HALL, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants Juan Fernandez and Norris Evans pled guilty to conspiracy to distribute cocaine. Fernandez appeals the sentence he received under the sentencing guidelines, and Evans claims that his guilty plea was constitutionally invalid. We affirm.
 
 
 2
 For approximately six months, Fernandez brought cocaine from New York City to Charlotte, North Carolina, for sale there and in South Carolina. Evans was recruited into the conspiracy just before it ended with the arrest of six co-conspirators, including the appellants. Fernandez contests the district court's determination that he was a leader/organizer in the conspiracy, which resulted in a four-level increase in his base offense level. He also maintains that he did not own the gun found in the car at the time of his arrest or know it was in the car, and therefore should not have received a two-level increase for the presence of a gun during the offense.
 
 
 3
 We find that the district court's fact findings on these issues are not clearly erroneous. Although Fernandez may not have been the sole leader in the conspiracy, he certainly had a preeminent position, and was at least one of several leaders. He admits that the gun was his originally and that he gave it to Evans not long before he asked Evans to drive him to Rock Hill, South Carolina, to distribute cocaine. Even if Fernandez was unaware that Evans had the gun with him in the car at the time of their arrest, he is accountable for the presence of the gun during the offense because he and Evans were acting in concert and it was reasonably foreseeable that Evans would bring the gun along. See U.S.S.G. Sec. 1B1.3, comment. (n. 1); United States v. White, 875 F.2d 427 (4th Cir.1989).
 
 
 4
 Evans claims that his guilty plea was invalid because he was not informed about the mandatory term of supervised release. However, the transcript of the plea colloquy discloses that Evans was informed by the judge that his sentence would include a term of supervised release. This claim is therefore without merit.
 
 
 5
 Accordingly, we affirm Evans' conviction and the sentence imposed on Fernandez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.